Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>ELVIN MURIEL CUMBA<br><br>Apelante | KLAN202400895 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Casos número:<br>HSCR202400383<br>HSCR202400075<br><br>Sobre:<br>Art. 16 Ley 121, Art. 177 CP |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece la parte apelante, Elvin Muriel Cumba, y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 5 de septiembre de 2024. Mediante dicho dictamen, el foro primario condenó a Elvin Muriel Cumba a dos (2) años de cárcel por todos los cargos que pesaban en su contra.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada. Veamos.

### I

El 22 de junio de 2024, Elvin Muriel Cumba (Muriel Cumba o apelante) alcanzó un acuerdo con el Ministerio Público y, en virtud de ello, realizó una alegación de culpabilidad por infracción al Artículo 16 de la *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores,* Ley Núm. 121 de 1 de agosto de 2019, según enmendada, 8 LPRA sec. 1526 (Ley Núm. 121-2019), y por infracción al Artículo 177 del Código Penal de Puerto Rico,

33 LPRA sec. 5243 (Código Penal de 2012).[1] Posteriormente, a solicitud del Tribunal de Primera Instancia, el 19 de agosto de 2024, la técnica de servicios socio penales, Marie A. Cortés Ramírez (Cortés Ramírez), presentó un *Informe Pre Sentencia.*[2]

Surge del *Informe Pre-Sentencia* que Muriel Cumba violó una orden de protección a favor de Adelina Cumba Cruz (Cumba Cruz), persona de edad avanzada y madre del apelante, y realizó amenazas dirigidas a su persona en las que manifestó su intención de quitarle la vida y quemar su residencia. Asimismo, según el *Informe*, Cumba Cruz y Elvin Muriel Pou (Muriel Pou), progenitores de Muriel Cumba, expresaron que este pierde el control y que sus amenazas los atemorizan. Los progenitores de Muriel Cumba indicaron que este ha abandonado los hogares a los que ha sido ingresado, entre estos, Cristo Mi Fortaleza; Hogar Crea; un hogar en Aguadilla; y el Programa de Desvío, el cual fue revocado, por este no cumplir con las condiciones que le fueron impuestas. Además, surge del *Informe* que las hermanas de Muriel Cumba han expresado que no están de acuerdo con la conducta que este presenta y que temen por la seguridad de sus padres. Por otra parte, se desprende del *Informe* que Muriel Cumba presenta un consumo problemático de sustancias controladas, carece de controles, y evidencia un deterioro físico, mental, y en sus relaciones sociales, en particular, con su familia. En cuanto a la opinión de la comunidad, surge del *Informe* que seis (6) vecinos de los padres de Muriel Cumba expresaron que este ha abusado por años de sus padres, ya que les roba y amenaza, por lo que no recomendaron la concesión de la restricción terapéutica. Asimismo, se desprende del *Informe* que el apelante posee un vasto expediente delictivo desde el año 2000 y no ha demostrado tener límites ni compromiso con su rehabilitación.

---

[1] Alegato del Apelante, pág. 6.
[2] Íd, págs. 7-19.

Además, se detalla que Muriel Cumba presenta pobre estructura a nivel conductual y que dicha conducta representa un riesgo para sus padres y atenta en contra de la tranquilidad, estabilidad emocional, y seguridad de estos. Por todo lo anteriormente expuesto, Cortés Ramírez no recomendó la restricción terapéutica. Ante ello, Muriel Cumba presentó su oposición al *Informe Pre-Sentencia.*

La *Vista de Lectura de Sentencia* fue señalada para el 5 de septiembre de 2024. A la referida vista compareció Cortés Ramírez, técnica de servicios socio penales, y Yesenia Santana Algarín (Santana Algarín), quien trabaja como psicóloga en el Hogar Crea. En esencia, Cortés Ramírez expresó que, al realizar su investigación para el *Informe Pre-Sentencia,* tomó en consideración los antecedentes penales de Muriel Cumba y el peligro que este representa para Cumba Cruz. Señaló que, al ser entrevistado, no reconoció los hechos de la comisión del delito tal cual se indicó en la denuncia. Asimismo, detalló que, considerando su historial de incumplimiento con privilegios anteriores, le preguntó a Muriel Cumba sobre su compromiso con la rehabilitación y sobre qué garantía había de que cumpliría con la misma. Indicó que el apelante respondió que estaba dispuesto a cumplir con el programa de rehabilitación. Por otra parte, expresó que Cumba Cruz no se opuso a que Muriel Cumba ingresara en el programa que ofrece Hogar Crea, siempre y cuando este estuviera bajo supervisión electrónica. Aclaró que ambos progenitores estuvieron de acuerdo con que Muriel Cumba ingresara en dicho programa, a pesar de que estos indicaron sentir temor. Asimismo, indicó que seis (6) vecinos de los padres del apelante le informaron que este tenía un patrón de apropiarse de los bienes de los progenitores y que temían por la seguridad de estos. Mencionó, además, que estos informaron que Muriel Cumba había estado en otros tratamientos y que no había cumplido con los mismos. Cortés Ramírez concluyó que se mantiene

firme en la recomendación dada en el *Informe Pre-Sentencia* debido al incumplimiento de Muriel Cumba con tratamientos internos anteriores y por continuar incurriendo en incidentes delictivos que ponen en riesgo la seguridad de la familia y de la comunidad.

Por otra parte, Santana Algarín señaló que tuvo la oportunidad de evaluar a Muriel Cumba, realizándole la entrevista inicial que se le hace a todos los candidatos al programa de Hogar Crea. Indicó que Muriel Cumba expresó que deseaba rehabilitarse para poder estar presente en la vida de sus hijos. Asimismo, mencionó que entiende que el apelante puede ser admitido al programa de Hogar Crea. Explicó que la probabilidad de que Muriel Cumba se beneficie del programa depende de la disposición de este a beneficiarse del tratamiento. Detalló que existe la posibilidad de que presente una prognosis saludable debido a que carece de diagnósticos previos de salud mental y el único trastorno con el que se estaría trabajando sería el de la drogadicción.

Finalizada la presentación de la prueba, la defensa procedió a argumentar la impugnación del *Informe Pre-Sentencia*. En esencia, mencionó que la reclusión no representaba una solución efectiva al problema del apelante. Por otra parte, el Ministerio Público argumentó que la restricción terapéutica constituye una pena alternativa a la reclusión y que, conforme al acuerdo entre las partes, la determinación quedaba sujeta a la discreción del Tribunal.

Evaluadas las posturas de las partes, el 5 de septiembre de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la impugnación del *Informe* y dictó *Sentencia* mediante la cual condenó a Muriel Cumba a dos (2) años de reclusión en una institución penal por infracción a la Ley Núm. 121-2019, *supra*, y violación al Artículo 177 del Código Penal de 2012, *supra*.

Inconforme con dicha determinación, el 4 de octubre de 2024, Muriel Cumba acude ante nos mediante el recurso de epígrafe y realiza el siguiente señalamiento de error:

> Erró el Honorable Tribunal [de Primera Instancia] al imponer las penas de reclusión y no ordenar que recibiera los tratamientos necesarios para su rehabilitación en la [i]nstitución especializada a esos efectos, Hogar Crea.

En cumplimiento con nuestra *Resolución* del 10 de abril de 2025, la parte apelante presentó un Alegato Suplementario el 15 de mayo de 2025. La parte recurrida compareció mediante *Alegato del Pueblo de Puerto Rico* el 17 de junio de 2025.

Con el beneficio de la comparecencia de las partes, así como de la transcripción de la *Vista de Lectura de Sentencia* celebrada el 5 de septiembre de 2024, procedemos a resolver.

## II

### A

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo

un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *BPPR v. SLG Gómez-López,* supra; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación,* 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212. Véase, además, *BPPR v. SLG Gómez-López*, supra.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, supra. En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna". *BPPR v. SLG Gómez-López*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

**B**

De conformidad con lo expresamente estatuido en el Artículo 16 de la *Carta de Derechos y la Política Pública del Gobierno a Favor*

*de los Adultos Mayores,* Ley Núm. 121 de 1 de agosto de 2019, según enmendada, 8 LPRA sec. 1526 (Ley Núm. 121-2019), "la violación a sabiendas de una orden de protección será castigada como delito grave y la persona convicta será sancionada con pena de reclusión por un término de dos (2) años, multa que no excederá de cinco mil dólares ($5,000) o ambas penas a discreción del tribunal". Asimismo, establece que el foro primario podrá ordenar la prestación de servicios comunitarios en lugar de la pena de reclusión establecida. Por otra parte, el Artículo 53 del Código Penal de 2012, 33 LPRA sec. 5141, establece que la pena de restricción terapéutica es sustitutiva a la pena de reclusión señalada en el delito tipo. Esta pena consiste en la restricción de la libertad, por el término de tiempo y en el lugar que se fije en la sentencia, para que el convicto se someta a un régimen de restricción y tratamiento, de manera que pueda obtener la intervención terapéutica, el tratamiento rehabilitador y la supervisión necesaria para su cumplimiento. Al imponer esta pena el tribunal considerará, entre otros, los siguientes factores: (1) la disposición a someterse a tratamiento; (2) la condición de salud del sentenciado; (3) la necesidad de tratamiento y de supervisión; (4) la posibilidad de rehabilitación; y (5) el riesgo y beneficio para la comunidad. **Puntualizamos que la imposición de una pena en sustitución a la reclusión se determinará por el tribunal tomando en consideración las recomendaciones del *Informe Pre-Sentencia*, los requisitos de cada tipo de pena, la gravedad del delito y sus consecuencias, la rehabilitación del convicto y la seguridad de la comunidad**. Art. 64 del Código Penal de 2012, 33 LPRA sec. 5097.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

Como único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al imponer las penas de reclusión y no ordenar que recibiera los tratamientos necesarios para su rehabilitación en la institución especializada a esos efectos, Hogar Crea. Arguye que el Tribunal de Primera Instancia incurrió en abuso de discreción al dictar la *Sentencia* de la que se recurre. No le asiste la razón. Veamos.

En el caso ante nuestra consideración, el apelante realizó una alegación de culpabilidad por infracción al Artículo 16 de la Ley Núm. 121-2019, *supra*, y por infracción al Artículo 177 del Código Penal de 2012, *supra*. A solicitud del Tribunal de Primera Instancia, la técnica de servicios socio penales, Cortés Ramírez, presentó un *Informe Pre-Sentencia*. En esencia, no recomendó la restricción terapéutica para Muriel Cumba debido a su vasto historial delictivo y el riesgo que este representa para la comunidad, en específico, sus progenitores. En virtud de ello, mediante la *Sentencia* dictada el 5 de septiembre de 2024, el foro primario condenó a Muriel Cumba a dos (2) años de reclusión en una institución penal por los delitos que pesaban en su contra. Por su parte, la parte apelante sostiene que la recomendación del *Informe Pre-Sentencia*, acogida por el foro primario, es arbitraria y que la sentencia impuesta constituye un abuso de discreción.

Luego de un examen del expediente y la transcripción de la *Vista de Lectura de Sentencia*, colegimos que Muriel Cumba no reúne los criterios para beneficiarse de la restricción terapéutica. El Artículo 53 del Código Penal de 2012, *supra*, establece que la pena de restricción terapéutica es sustitutiva a la pena de reclusión señalada en el delito tipo. Puntualizamos que, al imponer esta pena, el tribunal considerará, entre otros, los siguientes factores: (1) la disposición a someterse a tratamiento; (2) la condición de salud del

sentenciado; (3) la necesidad de tratamiento y de supervisión; (4) la posibilidad de rehabilitación; y (5) el riesgo y beneficio para la comunidad. En cuanto a los factores antes mencionados, Muriel Cumba posee un vasto expediente delictivo desde el año 2000 y no ha demostrado tener límites ni compromiso con su rehabilitación debido a que, anteriormente, ha abandonado los hogares a los que ha sido ingresado, entre estos, Cristo Mi Fortaleza; Hogar Crea; un hogar en Aguadilla; y el Programa de Desvío. En cuanto al riesgo que este presenta para la comunidad, surge del expediente que Muriel Cumba evidencia un consumo problemático de sustancias controladas, carece de controles, y presenta un deterioro físico, mental, y social, en particular en su relación con su familia. Además, el apelante realizó amenazas dirigidas a su madre, Cumba Cruz, en las que manifestó su intención de quitarle la vida y quemar su residencia. Asimismo, las hermanas de Muriel Cumba han indicado que no están de acuerdo con la conducta que este presenta y que temen por la seguridad de sus padres. En cuanto a la opinión de la comunidad, seis (6) vecinos de los padres de Muriel Cumba expresaron que este ha abusado por años de sus padres, ya que les roba y amenaza, por lo que no recomendaron la concesión de la restricción terapéutica.

Según reseñamos, la imposición de una pena en sustitución a la reclusión se determinará por el tribunal tomando en consideración las recomendaciones del informe pre-sentencia, los requisitos de cada tipo de pena, la gravedad del delito y sus consecuencias, la rehabilitación del convicto y la seguridad de la comunidad. En el caso ante nos, el foro primario, tomando en consideración la prueba con la que contaba ante sí y en el ejercicio de su sana discreción, resolvió que el apelante debía cumplir pena de reclusión. Como regla general, los foros apelativos no tenemos facultad para sustituir la apreciación del tribunal de instancia con

nuestras propias apreciaciones. De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso.

No existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre el planteamiento que la parte apelante propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al imponer la pena de reclusión y no ordenar que recibiera los tratamientos necesarios para su rehabilitación en la institución especializada a esos efectos, Hogar Crea. De un estudio ponderado del recurso a nuestro haber, no surge un ápice de prejuicio o parcialidad por parte del foro recurrido en su proceder. El juzgador posee la facultad discrecional de imponer la pena que considere más adecuada dentro de las opciones provistas en el Código Penal de 2012, *supra*, siempre que sean aplicables al caso. Aunque el foro primario tenía la posibilidad de imponer la restricción terapéutica solicitada por el apelante, determinó que dicha pena no era la más apropiada y ejerció su facultad discrecional al imponer la pena de reclusión. Por lo anteriormente expuesto, no le asiste razón al apelante en cuanto a que se revoque la determinación del foro primario en cuanto a la pena impuesta. Resolvemos que no se cometió el error señalado.

**IV**

Por las razones que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones